UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES

CRIMINAL ACTION

VERSUS

NO. 09-391

ROBERT JOHNSON

SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Robert Johnson's motion for the early termination of supervised release.[1]  The Government opposes the motion.[2]  For the following reasons, the Court denies defendant's motion.

## I.    BACKGROUND

On September 8, 2011, Robert Johnson pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 846.[3]  On September 5, 2012, Judge Stanwood R. Duval, Jr. sentenced Johnson to serve 135 months in the custody of the Federal Bureau of Prisons, to be followed by a five-year term of supervised

---

[1]    R. Doc. 1160.
[2]    R. Doc. 1164.
[3]    R. Doc. 677.

release.[4]  Johnson's sentence was reduced to 120 months of incarceration on June 2, 2015.[5]  The case was reassigned to Section R of this Court on February 3, 2017.[6]

Johnson was released from prison and began his term of supervised release on May 2, 2019.[7]  Johnson, having completed over four years of his five-year term of supervised release, now moves for early termination of his term of supervised release.[8]  The Government opposes the motion.[9]

The Court considers the motion below.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant . . . any time after the expiration of one year of supervised release" after considering enumerated factors set out in 18 U.S.C. § 3553(a).  Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, the kinds of sentences and sentencing

---

4       R. Doc. 720.
5       R. Doc. 867.
6       R. Doc. 963.
7       R. Doc. 1164.
8       R. Doc. 1160.
9       R. Doc. 1164.

ranges available, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a). The Court may grant early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## III.   DISCUSSION

Defendant has failed to establish that termination of supervised release is warranted here. As to the nature of the offense, the Court notes that defendant's crime was quite serious—defendant acknowledged that he played a significant role in a narcotics conspiracy that involved a kilogram of heroin and 500 grams of cocaine hydrochloride.[10] The only arguments defendant advances in support of his motion are that he has complied with the terms of supervised release, completed several educational and rehabilitative programs, and that his supervised release status is "a real impediment" to working on certain federal properties and bases in his employment as a "contract driver."[11]   But merely complying with the terms of supervised release does not entitle a defendant to have supervised release

---

[10]     *See generally* R. Doc. 536.
[11]     R. Doc. 1160 at 2-3.

terminated early. *See United States v. Reed*, No. 15-100, 2020 WL 4530582, at \*2 (E.D. La. June 5, 2020) ("Proof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination."). Further, while defendant's accomplishments—such as maintaining gainful employment and completing several educational programs— are certainly commendable, he does not establish that educational or vocational achievements amount to extraordinary or compelling circumstances warranting early termination of supervised release. *Cf. United States v. Singleton*, No. 13-248, 2020 WL 3271633, at \*2 (E.D. Tex. June 17, 2020) ("Although [the defendant] provides the court with a list of commendable achievements and goals, he identifies no new or exceptional circumstances."). Nor does he establish that burdens on his career opportunities are a sufficient reason for the relief sought. *See United States v. Arledge*, No. 06-18, 2015 WL 3504845, at \*2 (S.D. Miss. June 3, 2015) ("[A]lthough the supervised release may inhibit [the defendant's] ability to find more lucrative employment, this does not warrant early termination."). Finally, the Court notes that Deborah Cassine, defendant's probation officer who is therefore equipped with a substantial understanding of defendant's history and characteristics, does not support his request for early termination of supervised release.[12]

---

[12]    R. Doc. 1164 at 4.

In sum, defendant does not demonstrate any extraordinary circumstances that warrant early termination of supervised release, nor does he establish that early termination of supervised release is proper in light of the § 3553(a) factors. The Court thus denies defendant's motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for early termination of supervised release.

New Orleans, Louisiana, this  10th  day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE